### BURCH v. BRANTLEY.

1. In action by a purchaser at sheriff's sale to recover the land from the defendants, who are in possession under a prior deed from the judgment-debtor, alleged in the complaint to have been executed in fraud of creditors, it is not necessary that the complaint should allege a return of *nulla bona* on the execution.
2. The charge of fraud renders admissible all testimony necessary to sustain it.
3. A purchaser at sheriff's sale may sue for the recovery of the land purchased, assailing for fraud a prior conveyance by the judgment-debtor, and in the same action ask judgment that the prior deed be set aside.

Before FRASER, J., Chesterfield, May, 1883.

This was an action by Henrietta Burch against W. P. Brantley, Eliza J. Brantley, John H. Brantley and W. B. Hancock, ·commenced in May, 1881. Plaintiff claimed as a purchaser at

sheriff's sale on April 5th, 1880, under execution of *Carhart & Bro.* v. *W. P. Brantley.* Other matters are stated in the opinion.

The order overruling the demurrer was as follows :

The pleadings in this case having been read, the defendants interposed an oral demurrer, that the complaint does not state facts sufficient to constitute a cause of action. The fact of a deed for the land in dispute, made by W. P. Brantley to W. B. Hancock, while stated with an "if," is certainly assumed in the complaint, and relief is demanded based on that fact. That deed can be assailed by the creditor for fraud only after a return of *nulla bona,* which has not been alleged. The purchaser at sheriff's sale, under the judgment and execution, can be in no better position, if, indeed, such a purchaser takes anything at such a sale, when the legal title before judgment has passed out of the debtor.

It is therefore ordered, that the complaint be dismissed with costs, without prejudice to any future proceeding the plaintiff may be advised to take in this matter.

Plaintiff appealed and asked for a reversal of this order, upon the following grounds :

1. Because his Honor, the presiding judge, erred in dismissing the complaint.

2. Because his Honor, the presiding judge, erred in holding that the complaint did not state facts sufficient to constitute a cause of action.

3. Because his Honor erred in holding that the complaint was in the nature of a creditor's bill, when it was a complaint by one not a creditor of any of the defendants, to recover possession of real estate purchased at sheriff's sale.

4. Because plaintiff had no control of the execution under which she purchased the land at sheriff's sale, as creditor of the defendant Brantley, or otherwise, and could not proceed in that capacity, and his Honor should have so held.

5. His Honor erred in holding that the plaintiff should have alleged a *nulla bona* return on the execution under which the land was sold, when sheriff had sold the land under said execu-

tion as the land of W. P. Brantley, and plaintiff only claims under said deed.

6. Because his Honor erred in holding that plaintiff admitted that the legal title to said land was in W. B. Hancock, trustee, when complaint alleges that plaintiff has legal title to said land, and that the deed which defendants say was made to W. B. Hancock, if ever made, was null and void.

7. Because his Honor erred in holding that a purchaser at sheriff's sale, in an action to recover the real estate so purchased, could not attack a fraudulent deed made by judgment-debtor to third person, when said deed is set up in defendants' answer, without plaintiff alleges in the complaint that there has been a return of *nulla bona* upon the execution.

8. His Honor erred in holding that the plaintiff, a purchaser at sheriff's sale, could not, in the same complaint, ask for the possession of the land so purchased, and that a fraudulent deed from the judgment-debtor to a third person, in trust for the wife of said debtor, be declared void.

9. His Honor erred in holding that a purchaser at sheriff's sale, for valuable consideration, without notice, is in no better position to attack a fraudulent deed made by judgment-debtor than is the judgment-creditor.

*Messrs. Caston & McIver* and *E. J. Kennedy*, for appellant.

1. The paramount question in this case seems to be, Can the plaintiff, a purchaser at sheriff's sale, without notice, in an action to recover the land so purchased, ask that a conveyance made by the judgment-creditor, just before judgment obtained, be set aside and declared to be null and void under the *Stat.* 13 *Eliz.* (*Gen. Stat. of* 1872, 425)? Under the practice prior to the code there seems to be no doubt that this could be done. See 2 *Bailey* 324; 1 *Hill* 380; 9 *Rich.* 106; 14 *Rich.* 95. This is certainly the present practice as to personal property fraudulently disposed of. 17 *S. C.* 288, and cases there cited.

2. There seems to be no change made in the practice by the code. See 3 *S. C.* 577; 13 *S. C.* 379. The case of *Verner* v. *Downs*, 13 *S. C.* 449, is not in conflict with this position, for

that " action is in the nature of a creditor's bill," in which class of cases evidence of a *nulla bona* return must be had to entitle the plaintiff to demand the aid of a court of equity. This is not a creditor's bill, but an action by a purchaser at sheriff's sale to recover possession of land. So, also, is distinguished *Ragsdale* v. *Holmes*, 1 *S. C.* 91. This has not been changed by the decision in the case of *Suber* v. *Chandler*, 18 *S. C.* 526, which had reference only to the time from which the currency of the statute of limitations would begin.

3. The authorities first above cited, we conclude, sustain the proposition, that it is not necessary, in a case of this kind, to allege a *nulla bona* return. And we submit, that these cases are founded on sound reason. The sheriff could not make a return of *nulla bona* on the execution under which this land was sold, for the land was there, in the possession and use of the defendant Brantley, the sheriff had no notice of Hancock's claim, and nothing was in the way except a deed, of which neither sheriff, plaintiff nor execution-creditor had notice, and which the statute says is null and void, which means absolutely of no effect. *Webs. Unab. Dict.* Besides, the case of *Suber* v. *Chandler, supra,* certainly does not require *nulla bona* to be alleged; if anything, it only requires that it be shown.

4. Henrietta Burch, the plaintiff herein, being an innocent purchaser at sheriff's sale, without notice, is not affected by the equities existing between Carhart & Bro., the execution-creditors, and the defendant Brantley.

5. The plaintiff was certainly entitled to the interest of W. P. Brantley, and, even if there was a trust deed—if Brantley had reduced land to possession—he had a leviable interest in it. 11 *S. C.* 71.

*Mr. C. P. Townsend,* contra.

March 10th, 1874. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, brought the action below to recover a tract of land purchased at sheriff's sale, under execution against the defendant W. P. Brantley. The complaint alleged that defendants were in possession, as she was

informed and believed, under a deed from W. P. Brantley to W. Hancock, as trustee, for the use of Eliza Brantley, which deed she alleges was void, because made by the said W. P. Brantley for the purpose of defrauding his creditors, under the execution of one of whom she purchased, and she prayed that the land be surrendered, that the said deed to W. B. Hancock be declared null and void, and that she recover $1,000 damages for the detention. The answer of defendants admitted that they were in possession under the deed to Hancock, which they claimed to be a good and valid deed, of which plaintiff had notice when she purchased, and it denied the other allegations in the complaint.

Upon the call of the case for trial, the defendants interposed an oral demurrer : " That the complaint did not state facts sufficient to constitute a cause of action," which his Honor T. B. Fraser, presiding, sustained, on the ground that the deed to Hancock, relied on by defendants, could not be assailed by a creditor for fraud until after a return of *nulla bona*, which was not alleged in the complaint, and that the purchaser at sheriff's sale, under judgment and execution, stood in no better position than the creditor.

The only legal question involved in the appeal is, whether the failure to allege a return of *nulla bona* in the complaint in this case, before the land in question was levied and sold, was fatal— leaving the facts insufficient to constitute a cause of action, and, therefore, obnoxious to the oral demurrer interposed. We know of no case in which it has been held that it is necessary to allege in the complaint a return of *nulla bona* before a creditor can assail a conveyance of his debtor for fraud. True, to vacate such conveyance, fraud must be alleged and proved, but a return of *nulla bona* constitutes no part of the fraud. It is only evidence thereof, which, with other facts, may show the fraud. It is one of the probative facts by which the fraud may be developed, but it is no part of the essence of the fraud, and, consequently, not necessary to be alleged. The allegation that the deed was founded in fraud, opens the door to the introduction of all testimony within the possession of the assailing party bearing upon that question, and such testimony may be adduced without any specific allega-

tion of such facts. The charge of fraud renders admissible all testimony necessary to sustain it.

There is nothing, either in *Verner* v. *Downs*, 13 *S. C.* 449, or *Suber* v. *Chandler*, 18 *S. C.* 526, in conflict with these views. In *Verner* v. *Downs* the court held, " that a judgment-creditor is not entitled to a decree adjudging a deed of conveyance, made by his debtor, to be fraudulent until there has been return of *nulla bona* to an execution issued upon the judgment," and there being no evidence in the case of such return, and the plaintiff not claiming that such evidence could be supplied, the complaint was dismissed. It does not appear that the allegation of a return of *nulla bona* was made in the complaint, nor was the complaint dismissed because of such omission ; but, on the contrary, it was dismissed because there was no testimony to that fact at the trial ;. and, further, because there was no offer to supply the deficient testimony. The case evidently turned on deficiency of testimony at the trial, and not deficiency of allegations in the complaint.

Neither did the case of *Suber* v. *Chandler* rule anything as to the necessity of alleging a return of *nulla bona* in the complaint. The court said in that case : " That if, at the time of the execution of the deed, a wrong was intended, the fraud is positive and active, and attaches to the act at that moment. If, however, no wrong was then intended, and the conveyance becomes injurious to creditors afterwards, because at some future time the grantor's property has failed to meet the just demands of his creditors, whose claims existed at the time of the deed, then a passive and legal fraud is developed, which, attaching to the deed, renders it void, not from the beginning, but at that moment. \* \* \* Hence, it has been often held, that a creditor, before attempting to assail the conveyance of his debtor, must not simply be apparently unable to secure payment otherwise, but must absolutely fail to do so after exhausting all legal effort to that end, by judicially establishing his debt and having a return of *nulla bona* by the sheriff upon an execution issued thereon."

We think it was error to dismiss the complaint on the ground suggested. We do not understand that the Circuit judge held that a purchaser at sheriff's sale, in an action to recover the possession of a tract of land bought at such sale, could not assail

for fraud a conveyance of the judgment-debtor, executed before the sale by the debtor, and in the same proceeding ask judgment that said deed be set aside and vacated. The practice of contesting deeds of this character in this way is of old standing, and was frequently pursued under the former system. *Lowry* v. *Pinson,* 2 *Bailey* 324; *Thomas & Ashby* v. *Jeter & Abney,* 1 *Hill* 380; *Smith* v. *Culbertson,* 9 *Rich.* 106; *Richardson* v. *Rhodus,* 14 *Rich.* 95. And the door to such end has been opened still wider under the code.

It is the judgment of this court that the judgment of the Circuit Court be reversed.